Ramon DIAZ–CORTES, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 04–70490.

Agency No. A79–279–456.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 10, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Virginia Lum, Anthony W. Norwood, U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER and GOULD, Circuit Judges.

### MEMORANDUM***

Ramon Diaz–Cortes, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals summarily affirming without opinion the Immigration Judge's denial of his application for cancellation of removal.

We lack jurisdiction to review the BIA's discretionary determination that petitioner failed to demonstrate the requisite "exceptional and extremely unusual hardship" to a qualifying relative. *See Rome-*

ro–Torres v. Ashcroft, 327 F.3d 887, 892 (9th Cir.2003).

Petitioner contends that we retain jurisdiction to consider his statutory challenge to the BIA's interpretation of the cancellation of removal hardship standard. In *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001 (9th Cir.2003), we held that a challenge to the BIA's interpretation of the hardship standard presented a question of statutory construction, and concluded that we retained jurisdiction to consider the challenge. *Id.* at 1005—1006. We further concluded, however, that "the BIA's interpretation [of the hardship standard] falls well within the broad range authorized by the statutory language," and this court must defer to it. Accordingly, although we have jurisdiction to consider petitioner's statutory claim, we conclude that the claim is foreclosed by our precedent. *Id.*

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for a stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

***

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.